IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

**KIMBERLY MILLER**                                                          **PETITIONER**

V.                  **No. 4:22-CV-01070-DPM-ERE**

**STATE OF ARKANSAS,** *ET AL.*                               **RESPONDENTS**

## ORDER

Petitioner Kimberly Miller submitted a document entitled "Petition for Writ of Certiorari with Brief Incorporation," which was docketed as a civil rights case under 42 U.S.C. § 1983. *Doc. 1*. As explained below, the Court will treat the filing as a § 2254 habeas petition, direct the Clerk of the Court to redesignate the case, and require Ms. Miller to resubmit her petition on the court-approved form.

**I.**      **BACKGROUND**

On September 26, 2022, Ms. Miller pleaded guilty in state court to two counts of second-degree battery, being a felon in possession of a firearm, and a parole violation. *Arkansas v. Miller*, Nos. 63CR-22-33, 63CR-21-249, 63CR-19-651 (Cir. Ct. Saline County, Ark.). She was sentenced to three years in prison followed by seven years suspended imposition of sentence. The trial court ordered that she report to the Arkansas Division of Correction ("ADC") on November 7, 2022 to begin serving her sentence.

1

Ms. Miller did not challenge her state convictions on direct appeal.[1] Instead, on November 3, 2022, before her ADC report date, she filed the "Petition for Writ of Certiorari" now before the Court. *Doc. 1*. Ms. Miller claims that she is in custody in violation of her constitutional rights (*Id. at 7*), and she asks the Court to vacate her three-year sentence and order her release. *Id. at 12*.

## II. DISCUSSION

### A. Ms. Miller is Seeking Habeas Relief

Ms. Miller does not seek compensatory or equitable relief for civil rights violations under 42 U.S.C. § 1983. Instead, she seeks to vacate her state conviction and requests release from custody. Ms. Miller's challenge to the validity of her state criminal conviction, sentence, or duration of her confinement must be brought in a § 2254 federal habeas petition. *Muhammad v. Close*, 540 U.S. 749, 750 (2004); *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973); see also *Otey v. Hopkins*, 5 F.3d 1125, 1130 (8th Cir. 1993) (citing *Preiser*, 411 U.S. at 498 ("The central focus of the writ of habeas corpus is to provide a remedy for prisoners who are challenging

---

[1] To some extent, Ms. Miller's petition appears to be a substitute for an appeal of her state-court conviction. "Federal habeas review . . . exists as a guard against extreme malfunctions in the state criminal justice systems, not a substitute for ordinary error correction through appeal." *Woods v. Donald*, 575 U.S. 312, 316 (2015) (internal citations and quotations omitted). Additionally, Ms. Miller should be mindful that federal habeas relief is only intended to address federal constitutional violations, not alleged errors of state law. *Evenstad v. Carlson*, 470 F.3d 777, 782–83 (8th Cir. 2006); 28 U.S.C. § 2254(d)(1).

the fact or duration of their physical confinement and are seeking immediate release or a speedier release.").

Accordingly, the Court will direct the Clerk of the Court to reclassify this case as a habeas petition.

### B. Ms. Miller Has Named an Improper Respondent

Ms. Miller names the State of Arkansas and Dexter Payne, Director of the Arkansas Department of Correction, as Respondents. Director Payne, the state officer with custody over Ms. Miller, is the only proper respondent.[2] The Court will direct the Clerk of the Court to terminate the State of Arkansas as a Respondent in this case.

### C. Ms. Miller Must Submit Her Habeas Claims Using the Court-Approved Form

Unless excused from doing so, petitioners in this district must submit § 2254 habeas claims using Form AO 241. As specifically required by Local Rule 9.1:

> *All actions* under . . . 28 U.S.C. § 2254 . . . filed in this district by incarcerated persons *shall* be submitted on the court-approved forms supplied by the Court unless a district judge or magistrate judge, upon finding that the complaint is understandable and that it conforms with local rules and the Federal Rules of Civil Procedure, in his or her discretion, accepts for filing a complaint that is not submitted on the approved form.

---

[2] *See* 28 U.S.C. § 2242 (habeas petition must name "the person who has custody over [the petitioner] and by virtue of what claim or authority"); Rule 2(a), Rules Governing § 2254 Cases in United States District Courts.

Local Rule 9.1, Local Rules of the United States District Court for the Eastern and Western Districts of Arkansas (emphasis added).

Ms. Miller's current petition contains a hodgepodge of allegations, some of which are unrelated to viable habeas claims.[3] For that reason, the Court declines to excuse Ms. Miller from this district's requirement that she complete Form AO 241 to initiate § 2254 habeas claims.

Before refiling her habeas petition using Form AO 241, Ms. Miller must review her obligations as a *pro se* litigant under Local Rule 5.5(c)(2).[4] She should also familiarize herself with the Rules Governing § 2254 Cases in United States District Courts and relevant provisions of the Federal Rules of Civil Procedure.

---

[3] For example, Ms. Miller complains that she was "illegally charged" with a felony instead of a misdemeanor, complains that the prosecutor violated Arkansas Model Rules of Professional Conduct, and argues "the issue of judicial immunity should be revisited" by the courts and legislature. *Doc. 1 at 7, 9, 10*. Ms. Miller may not combine habeas claims challenging her conviction and seeking release with other civil rights claims. *See Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973) ("When a state prisoner is challenging the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate release or a speedier release from that imprisonment, his sole remedy is a writ of habeas corpus.").

[4] Rule 5.5(c)(2) of the Local Rules of the United States District Court for the Eastern and Western Districts of Arkansas, provides: "It is the duty of any party not represented by counsel to promptly notify the Clerk and the other parties to the proceedings of any change in his or her address, to monitor the progress of the case, and to prosecute or defend the action diligently. A party appearing for himself/herself shall sign his/her pleadings and state his/her address, zip code, and telephone number. *If any communication from the Court to a pro se plaintiff is not responded to within thirty (30) days, the case may be dismissed without prejudice.* Any party proceeding pro se shall be expected to be familiar with and follow the Federal Rules of Civil Procedure." (emphasis added.) *See also* Fed. R. Civ. P. 41(b) (district court may dismiss case for failure to prosecute or comply with court orders); § 2254 Rule 12 (applicability of Federal Rules of Civil Procedure in habeas proceedings).

### III. CONCLUSION

IT IS THEREFORE ORDERED that the Clerk of the Court:

1. Dismiss the State of Arkansas as a Respondent;

2. Send Ms. Miller a form petition for writ of habeas corpus under 28 U.S.C. § 2254 (Form AO 241);

3. Refund Ms. Miller $397, since this is a habeas petition and the filing fee is only $5; and

4. Flag this case as a § 2254 habeas petition, rather than § 1983 civil rights action.

IT IS FURTHER ORDERED that if Ms. Miller wishes to continue with this case, she must file a completed court-approved § 2254 petition using Form AO 241 by **Wednesday, December 7, 2022**. If Ms. Miller fails to timely and properly comply with this Order, this action may be dismissed, without prejudice.

Dated this 9th day of November, 2022.

_____
UNITED STATES MAGISTRATE JUDGE